# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| REGINA WILLIAMS, Individually and as Personal Representative of the Estate of George Rouse, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. CIV-13-759-M ) |
| BOARD OF COUNTY COMMISSIONERS OF GRADY COUNTY, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## **O R D E R**

Before the Court is the Motion to Dismiss of Defendants Akers and Thompson [Doc. No. 30]. Plaintiff has responded to the motion [Doc. No. 31] and Defendants have replied [Doc. No. 32]. The matter is fully briefed and at issue.

Plaintiff brings suit, individually and as Personal Representative of the Estate of George Rouse, deceased (Rouse), pursuant to 42 U.S.C. § 1983 and state law. Rouse committed suicide while incarcerated as a pretrial detainee at the Grady County Law Enforcement Center (GCLEC). Plaintiff alleges Defendants were deliberately indifferent to Rouse's mental health needs at the time of his arrest and during his detention at GCLEC and that Defendants' conduct violated Rouse's federal constitutional due process rights.

Defendants Akers and Thompson move for dismissal of Plaintiff's claims. First, Defendants seek dismissal pursuant to Fed. R. Civ. P. 4(m) and contend Plaintiff did not timely effect service of process. Defendants further seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

## I.     Governing Standard

A pleading is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.")).

The Tenth Circuit has held that under *Iqbal* and *Twombly* "[a] plaintiff must 'nudge [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir.2012) (alteration in original) (*quoting Twombly*, 550 U.S. at 570). Moreover, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions.'" *Id*. (alteration in original) (*quoting Iqbal*, 556 U.S. at 678). "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir.2011) (*quoting Twombly*, 550 U.S. at 555). The complaint must set forth sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556

U.S. at 679. This contextual approach means comparing the pleading with the elements of the cause(s) of action. *Khalik*, 671 F.3d at 1193. "[W]hile Plaintiff is not required to set forth a prima facie case for each element, she is required to set forth plausible claims" animating the elements of her causes of action. *Id*. Pleadings that do not allow for at least a "reasonable inference" of the legally relevant facts are insufficient. *Iqbal*, 556 U.S. at 678.

II.     **Allegations**[1]

Defendants Akers and Thompson are employees of the Oklahoma State Bureau of Investigation (OSBI). Amended Complaint, ¶¶ 5-6. On January 12, 2012, Defendants arrested Rouse who was considered "a person of interest by law enforcement in a recent homicide" and had been the subject of a "manhunt" by law enforcement from several agencies. *Id*., ¶¶ 10, 11. At the time of the arrest or immediately thereafter, and prior to Rouse being received into custody at the Grady County Law Enforcement Center (GCLEC), Defendants became aware of information that Rouse "harbored suicidal ideations." *Id*., ¶ 12. When Defendants turned Rouse over to GCLEC employees for booking and detention, they knew that he was "presently suicidal" but did not "inform the employees at the booking desk of Rouse's existing suicidal thoughts." *Id*., ¶ 13.

When Rouse was booked into the facility at GCLEC, employees there "did not provide Rouse with any mental health treatment" and did not "independently evaluate the mental health condition of Rouse" or otherwise "follow policies or practices designed to detect or prevent suicide . . . ." *Id*., ¶¶ 15, 17. Rouse committed "suicide by hanging shortly after he was booked into the facility." *Id*., ¶ 19.

---

[1] Pursuant to the governing standard, the factual allegations of the Amended Complaint [Doc. No. 19] are accepted as true and stated in the light most favorable to Plaintiff.

Plaintiff brings claims against Defendants Akers and Thompson pursuant to 42 U.S.C. § 1983 alleging they violated Rouse's due process rights under the Fourteenth Amendment to the United States Constitution. Plaintiff claims these Defendants acted with deliberate indifference "by failing to protect [Rouse] from himself." *Id.*, ¶ 38. In other words, Plaintiff claims Defendants were deliberately indifferent to Rouse's suicidal condition.

### III. Discussion

#### A. Service of Process

Plaintiff filed an amended complaint adding the Defendants as parties on December 31, 2013. Pursuant to Fed. R. Civ. P. 4(m), Plaintiff then had 120-days within which to serve the Defendants, or until April 29, 2014. Plaintiff did not serve the Defendants until June 26, 2014. Therefore, Plaintiff's service is untimely.

Plaintiff incorrectly attempts to utilize Oklahoma's rules of civil procedure to establish timely service of process on grounds this case originated in state court. Under Oklahoma law, a plaintiff has 180 days after filing the state court petition within which to effect service of process. *See* Okla. Stat. tit. 12, § 2004(I). Because Defendants were served within this 180-day period, Plaintiff contends service was timely. But Plaintiff's argument wholly ignores the fact that once this case was removed, service of process became subject to the time limits set forth in Fed. R. Civ. P. 4(m). *See* 28 U.S.C. § 1448; Fed. R. Civ. P. 81(c)(1). *See also Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010).

Where service is not accomplished within the 120-day period, "the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the

4

failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). A two-step analysis governs dismissal pursuant to Rule 4(m). *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir. 1995). "If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." *Id*.

Plaintiff has failed to show good cause. Plaintiff relies solely upon the incorrect application of the Oklahoma rules of civil procedure. Plaintiff's ignorance of the applicable provisions of the governing federal rules does not suffice to establish good cause. *See, e.g., In re Kirkland,* 86 F.3d 172, 174 (10th Cir. 1996) (mistake of counsel or ignorance of the rules usually do not suffice to establish good cause).

The Court must further consider whether a permissive extension is warranted. "At that point the district court may in its discretion either dismiss without prejudice or extend the time for service." *Espinoza*, 52 F.3d at 841. Factors to consider include whether the applicable statute of limitations would bar the re-filed action. *Id.* at 842. *See also* Fed.R.Civ.P. 4(m) advisory committee notes, 1993 amendments (stating that a permissive extension of time may be "justified . . . if the applicable statute of limitations would bar the refiled action. . . .").

The statute of limitations governing Plaintiff's § 1983 claim is two years. *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988) (statute of limitations for § 1983 claims arising in Oklahoma is two years). The suicide which forms the basis of Plaintiff's claims is alleged to have occurred in January 2012. It appears Plaintiff's complaint was timely filed against Defendants Akers and Thompson. Thus, even if the Court were to dismiss the claims against these Defendants, Oklahoma's savings statute, Okla. Stat. tit. 12, § 100, would allow Plaintiff an additional year to re-file her

claims. *See Grider v. USX Corp.*, 847 P.2d 779, 783 (Okla.1993) (Okla. Stat. tit. 12 § 100 "applies to extend the limitations period regardless whether the dismissed suit was filed in state court or federal court sitting within the state of Oklahoma"); *Williams v. City of Guthrie*, 109 Fed. Appx. 283, 286 (10th Cir. 2004) (applying Oklahoma savings statute to § 1983 claim filed in federal court). In addition, Defendants have not identified any prejudice resulting from the delay of an additional 60 days in effecting service upon them. Moreover, this case will proceed against the other named Defendants. Judicial economy and efficiency weigh in favor of resolving Plaintiff's claims in one action rather than in piecemeal litigation that might occur if the Court were to dismiss Defendants Akers and Thompson only to have the claims against them re-filed. Under these circumstances, the Court finds a permissive extension of time is warranted. Therefore, Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 4(m) is denied.

**B.    § 1983 Claim**

"[C]laims based on a jail suicide are considered and treated as claims based on the failure of jail officials to provide medical care for those in their custody." *Barrie v. Grand Cnty., Utah*, 119 F.3d 862, 866 (10th Cir.1997). "Under the Fourteenth Amendment's due process clause, pretrial detainees, like [Rouse], are entitled to the same degree of protection as that afforded convicted inmates under the Eighth Amendment." *Id.* at 867. Thus, Plaintiff's claims must be judged against the "deliberate indifference to serious medical needs" test of *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). *Id.* at 869. *See also Lopez v. LeMaster*, 172 F.3d 756, 759 n.2 (10th Cir. 1999) (Although "[p]retrial detainees are protected under the Due Process Clause rather than the Eighth Amendment, . . . this Court applies an analysis identical to that applied in Eighth Amendment cases brought pursuant to § 1983.").

6

To establish a claim of deliberate indifference, both an objective component and a subjective component must be satisfied. *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991). The objective component is met if the harm suffered is sufficiently serious. *Id*. In moving for dismissal, Defendants concede suicide is a sufficiently serious risk of harm and that the first component is satisfied. Thus the Court "turn[s] to causation and the subjective prong." *Mata v. Saiz*, 427 F.3d 745, 753 (10th Cir. 2005).

The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The subjective component of a deliberate indifference claim requires an "inquiry into a prison official's state of mind when it is claimed that the official has inflicted cruel and unusual punishment." *Id*. at 838. It is not enough to allege that prison officials failed "to alleviate a significant risk that [they] should have perceived but did not." To show "the requisite indifference, [the prisoner] must establish that defendant(s) knew he faced a substantial risk of harm and disregarded that risk 'by failing to take reasonable measures to abate it.'" *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (*quoting Farmer*, 511 U.S. at 847).

In addition to deliberate indifference, Plaintiff must also prove causation. *Martinez v. Carson*, 697 F.3d 1252, 1255 (10th Cir. 2012). "Indeed, '[s]ection [1983] should be read against the background of tort liability that makes a man responsible for the natural consequences of his actions.'" *Id*. (*quoting Monroe v. Pape*, 365 U.S. 167 (1961)). Thus, Defendants Akers and Thompson can only be liable if Rouse's suicide was proximately caused by their conduct. *Id*. In other words, liability attaches only if Rouse's suicide "would not have occurred but for their conduct *and* if there were no unforeseeable intervening acts superseding their liability." *Id*. (emphasis added).

7

In moving for dismissal, Defendants focus largely on the causation component of Plaintiff's deliberate indifference claim. For example, Defendants contend the suicide occurred at least three days after Rouse was booked into the GCLEC.[2] And, Defendants cite to the independent duty of the GCLEC to screen Rouse upon his arrival as grounds for relieving them of liability.

The Court finds the allegations of the Amended Complaint state a plausible claim that Defendants Akers and Thompson acted with deliberate indifference by not alerting officials at GCLEC that Rouse was a suicide risk. The Amended Complaint alleges that Defendants knew Rouse posed an "imminent and substantial risk of serious harm to himself based upon the factual circumstances of his arrest" – *i.e.,* that he was a person of interest in a homicide investigation and that "several law enforcement agencies participated in a manhunt for Rouse." Amended Complaint, ¶¶ 10, 11, 34. In addition, the Amended Complaint alleges that Defendants knew Rouse was "presently suicidal," *id.*, ¶ 34, and committed suicide "shortly" after having been received at the GCLEC. *Id.*, ¶ 19. As the Tenth Circuit has noted, "in some cases" the trier of fact may conclude that an official knew of a substantial risk "from the very fact that the risk was obvious." *DeSpain v. Uphoff*, 264 F.3d 965, 975 (10th Cir. 2001) (*quoting Farmer*, 511 U.S. at 842).

While, after further development of the facts, Defendants may be able to establish a lack of causation, at this early stage the Court finds Plaintiff's allegations sufficient to state a plausible claim of deliberate indifference based on Defendants failure to inform officials at GCLEC about Rouse's

---

[2]According to Defendants, state court filings show Rouse committed suicide on January 14, 2012. *See* Defendants' Motion at p. 12, footnote 2 (*citing Estate of George Rouse*, District Court of Grady County, State of Oklahoma, Case No. PB-12-58). Defendants have not provided the Court with copies of the state court filings, however, and the Court, therefore, does not take judicial notice or make any findings with respect to the alleged date of death. Instead, the Court looks to the allegations of the Complaint that the suicide occurred "shortly" after the booking process.

suicidal state. Accordingly, the Court finds the motion to dismiss Plaintiff's § 1983 claim against Defendants Akers and Thompson should be denied.[3]

### C. Qualified Immunity

Qualified immunity "protects governmental officials from liability for civil damages insofar as their conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The qualified immunity inquiry has two prongs: whether a constitutional violation occurred, and whether the violated right was "clearly established" at the time of the violation. *Pearson*, 555 U.S. at 232.

Where, as in this case, qualified immunity is asserted in a motion to dismiss, the correct standard for review is the same as for dismissals based on failure to state a claim for relief. *Archuleta v. Wagner,* 523 F.3d 1278, 1281 (10th Cir.2008) (*citing Moya v. Schollenbarger*, 465 F.3d 444, 455 (10th Cir.2006). Thus, the Court is "limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint." *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir.1995). The Court must accept as true all " 'well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party.'" *Archuleta*, 523 F.3d at 1283 (*quoting Moya*, 465 F.3d at 455).

---

[3] Defendants also move for dismissal of claims brought on a "special relationship" theory and a "danger creation" theory. But the Court does not read the allegations of the Amended Complaint to bring claims for relief against Defendants Akers and Thompson on those grounds. Instead, Plaintiff's complaint alleges claims against these Defendants based on their "deliberate indifference to a substantial risk of serious harm in violation of the Fourteenth Amendment to the United States Constitution." Amended Complaint, ¶ 38. Therefore, the Court does not address these additional grounds for dismissal.

9

As set forth above, Plaintiff has alleged facts sufficient to state a plausible claim for relief against Defendants Akers and Thompson based on allegations that they acted with deliberate indifference to Rouse's suicidal condition. Moreover, under Tenth Circuit precedent, the law was clearly established at the time of the wrongs complained of in this action that jail suicide is a harm included within the duty to provide adequate medical care to detainees under the Fourteenth Amendment. *Barrie*, 119 F.3d at 866. Accordingly, Defendants' motion to dismiss on grounds of qualified immunity is denied.

IV. **Conclusion**

In sum, the Court finds a permissive extension of the period of time within which to effect service is warranted under the circumstances of this case and therefore, that service on Defendants is timely. The Court further finds the allegations of the Amended Complaint are sufficient to state a plausible claim that Rouse's federal constitutional due process rights were violated as a result of Defendant's deliberate indifference to his suicidal condition.

IT IS THEREFORE ORDERED that the Motion to Dismiss of Defendants Akers and Thompson [Doc. No. 30] is DENIED.

**IT IS SO ORDERED this 8th day of October, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE