IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| REGINA WILLIAMS, Individually and as Personal Representative of the Estate of George Rouse, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-13-759-M |
| BOARD OF COUNTY COMMISSIONERS OF GRADY COUNTY, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

# ORDER

Before the Court is defendants Marvin Akers ("Akers") and Francia Thompson's ("Thompson") (collectively "Defendants") Motion to Reconsider and Brief in Support, filed June 2, 2015. On June 29, 2015, plaintiff filed her untimely response,[1] and on July 1, 2015, Akers and Thompson replied. Also before the Court is Defendants' Motion for Protective Order, filed June 25, 2015. Based on the parties' submissions, the Court makes its determination.

Defendants request the Court to reconsider its Order [Doc. No. 37] denying their motion to dismiss on grounds of qualified immunity. Further, Defendants, in their motion for protective order, seek a stay of discovery pending the Court's ruling on their motion to reconsider. Grounds warranting reconsideration include (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of

---

[1]Plaintiff's response was due on or before June 23, 2015, but was not filed until June 29, 2015. Defendants request that their motion to reconsider be deemed confessed as a result of Plaintiff's untimely response, pursuant to LCvR 7.1(g). Because as more fully set forth herein the motion to reconsider involves a legal issue the Court declines, in the exercise of its discretion, to deem the motion confessed. The Court reiterates the prior admonishments made to Plaintiff regarding compliance with deadlines in this case.

due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000). Defendants base their motion on an intervening change in the law, relying on the United States Supreme Court's decision in *Taylor v. Barkes*, – U.S. –, 135 S.Ct. 2042 (2015).

In *Taylor*, the Court found that "[n]o decision of this Court establishes a right to the proper implementation of adequate suicide prevention measures." *Id*. at 2044. The Court made this finding in the context of a claim brought pursuant to 42 U.S.C. § 1983 by the deceased widow and children of a prisoner. The plaintiffs' claim was brought against Stanley Taylor ("Taylor"), the Commissioner of the Delaware Department of Corrections, and Raphael Williams ("Williams"), the warden of the institution were the prisoner, Christopher Barkes ("Barkes"), was incarcerated at the time of his death.

Barkes was arrested for violating his probation and taken to the correctional institution. Barkes had a long history of mental illness. During intake, a nurse who worked for the contractor providing healthcare at the institution completed a medical evaluation. As part of that evaluation, Barkes disclosed his history of psychiatric treatment and that he was presently on medication, but indicated he was not presently suicidal. The nurse gave Barkes a routine referral for mental health services and did not initiate any special suicide prevention measures. Later that night, Barkes told his wife he was going to kill himself. His wife did not inform any one at the institution. The following day, Barkes was observed awake and behaving normally between 10:45 and 11:00 a.m., but at 11:35 a.m. when an officer arrived to deliver lunch, the officer discovered that Barkes had hanged himself with a sheet. *Id*. at 2043 (citation omitted).

The undisputed record in the case established that neither Taylor nor Williams had personally interacted with Barkes or knew of his condition prior to his death. Nonetheless, the plaintiffs alleged that Taylor and Williams violated Barkes' constitutional right to be free from cruel and unusual punishment by "failing to supervise and monitor the private contractor that provided the medical treatment – including the intake screening – at the Institution." *Id*. at 2043.

The Court reversed the ruling of the Third Circuit that "it was clearly established at the time of Barkes' death that an incarcerated individual had an Eighth Amendment right to the proper implementation of adequate suicide prevention protocols." *Id*. at 2044 (internal quotations and citation omitted). As stated, the Court found none of its own decisional law established a right to proper implementation of adequate suicide prevention protocols and that the weight of circuit authority at the time of Barkes' death (in November 2004) "suggested that such a right did *not* exist." *Id*. (emphasis in original). The Court distinguished, however, any requirement, founded in the Eighth Amendment, that a prison facility have adequate suicide prevention protocols from the requirement that "officials who know of an inmate's particular vulnerability to suicide must not be recklessly indifferent to that vulnerability." *Id*. at 2045 (addressing Third Circuit precedent).

In the present action, Plaintiff's claims against Defendants Akers and Thompson are not premised on supervisory liability for a lack of suicide prevention protocols. Instead, the Amended Complaint alleges that Defendants "knew or discovered immediately after the arrest, but before arriving at the [Grady County Law Enforcement Center (GCLEC)] that [the detainee] Rouse harbored suicidal ideations." *See* Amended Complaint [Doc. No. 19] at ¶ 12. The Amended Complaint further alleges that Defendants "transported or escorted Rouse to the GCLEC knowing that he was presently suicidal" but "did not inform the employees at the booking desk of Rouse's

3

existing suicidal thoughts." *See id*. at ¶ 12, 13. Plaintiff's claims are further premised on allegations that he posed an "imminent and substantial risk of serious harm to himself based upon the factual circumstances of his arrest" – *i.e.*, that he was a person of interest in a homicide investigation and that "several law enforcement agencies participated in a manhunt for Rouse." *See id*., ¶¶ 10, 11, 34. Thus, Plaintiff's deliberate indifference claim is based on allegations that Defendants knew of a substantial risk of suicide based on the particular vulnerabilities of Rouse at the time of his arrest. *Compare Van Orden v. Downs*, No. 14-35904, 2015 WL 4099869 at * 1 (9th Cir. Feb. 8, 2015) (unpublished op.) (citing *Taylor* but holding that it was clearly established as early as 2005 "that the Eighth Amendment protects against deliberate indifference to a detainee's serious risk of suicide") (additional citations omitted); *see also Barrie v. Grand Cnty., Utah*, 119 F.3d 862, 866 (10th Cir. 1997). Based on this distinction, the Court finds that the Supreme Court's decision in *Taylor* does not constitute an intervening change in controlling law as to the basis of Plaintiff's deliberate indifference claim against these Defendants and the facts alleged in this action.

Defendants further re-urge dismissal on grounds that causation is lacking. Defendants state "regardless of [their] alleged duty and failure to inform Grady County Jail's booking staff of decedent's alleged suicidal ideations *for purposes of suicide screening*, the jail was still under no clearly established obligation to implement the protocol Plaintiff suggests." *See* Motion at p. 4 (emphasis added). Defendants' attempt to shape this action to fit the contours of *Taylor* is unavailing. As stated, Plaintiff's claim is that Defendants knew of and disregarded a substantial risk of harm based on Rouse's suicidal state while in their custody by failing to take appropriate action with respect thereto. A claim premised on liability due to a defendant's own deliberate indifference in failing to relay to jail officials that a detainee is presently suicidal is distinct from a claim

4

premised on a requirement for screening procedures that would detect suicidal tendencies in the first instance, or require suicide prevention protocols thereafter. Unlike in *Taylor*, where the plaintiffs sought to impose liability on the respondents for failing to supervise and monitor the private contractor, here Plaintiff seeks to impose liability for Defendants' own conduct. As the Court stated in its Order denying Defendants' motion to dismiss, further development of the facts may demonstrate a lack of causation, but Plaintiff's allegations are sufficient to state a plausible claim of deliberate indifference based on Defendants' failure to inform jail officials at GCLEC about Rouse's suicidal state. Such deliberate indifference may be established notwithstanding the lack of clearly established law requiring GCLEC to have established suicide prevention protocols.

Accordingly, for the reasons set forth above, the Court DENIES Defendants' Motion to Reconsider and Brief in Support [Doc. No. 50], and further, the Court FINDS that Defendants' Motion for Protective Order [Doc. No. 52] is MOOT.

**IT IS SO ORDERED this 31st day of July, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE